### SEABOARD AIR LINE RY. v. RICHARD.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1905.)

No. 1,431.

APPEAL—RECORD—DUTIES OF BRAKEMEN.

> Where the record contains no evidence, it cannot on appeal, in an action for the ejection of an intruder from a freight train by a brakeman, be said that the brakeman was not acting within the scope of his employment; the duties of brakemen being fixed by the rules of the different companies, and varying accordingly.

In Error to the Circuit Court of the United States for the Northern District of Florida.

Geo. P. Raney, for plaintiff in error.
Wm. C. Hodges, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This is an action to recover damages caused by the violent and unlawful ejection of an intruder from a freight train of the Seaboard Air Line Railway. It was met by a demurrer, on the grounds that the declaration showed that the plaintiff was not a passenger on said train, but was a trespasser secretly stealing a ride without any knowledge or approval of anybody in authority. This de-

murrer was overruled; a general plea of not guilty was entered; the case was tried before the court and jury, resulting in a verdict for the plaintiff.

So far as the record shows, there was no objection to any rulings on the admission of evidence, or to any instructions to the jury. On this writ the first assignment is that the court erred in overruling the demurrer. The declaration appears to be sufficient, and the objections stated in demurrer are not well taken.

The second assignment is to the effect that the court erred in instructing the jury that if the brakeman on the train of the defendant caused the plaintiff to jump from the train, then it was responsible for the injury and damage resulting to him therefrom. There does not seem to have been any such charge made in the case.

The third and last assignment is that the court erred in overruling the motion for a new trial. This assignment is not well taken. The question argued by counsel on both sides in their briefs is whether a brakeman on a freight train of the Seaboard Air Line Railway, and an employé and servant of said corporation operating the said train, acted within the scope of his employment and agency in ejecting from the tender of said train and the said train the defendant in error, who, it is said, was stealing a ride. There is no evidence in the record to show what were the particular duties of the brakeman, employé, and servant in question, or the scope of his agency and authority in ejecting persons from the train. The matter is presented to us as though all the information necessary on the subject is within our judicial knowledge. In all the numerous cases cited on both sides in which the duties of brakemen in ejecting persons from railway trains are declared, we take it the rule announced in each case was based on the evidence in that case. The duties of railway brakemen are fixed by the rules of the different companies, and vary accordingly. There is a statute in the state of Florida—where this case originated—authorizing the servants of railway corporations, under certain circumstances to eject passengers (see chapter 2, § 2267, tit. 4, Rev. St. Fla. 1892), and this may have influenced the judge in his charge, and the jury in reaching a verdict. We assume that in the present case it was proved to the satisfaction of the trial court and jury that the brakeman in question was acting within the scope of his agency.

The judgment of the Circuit Court is affirmed.